TRAXLER, Chief Judge,
concurring:
I concur in Parts I, II, IV, and V of Judge Wynn’s opinion and in the result reached in Part III. However, because my understanding of the ex post facto argument Burns raises and my analysis of Burns’s argument differ from that of my colleague, I write separately regarding that issue.
I understand Burns’s argument to be that we
should find that because the FFR statute, applied to persons like Mr. Burns whose conviction of a sex offense long predated the FFR’s implementation, creates new penalties not known or contemplated at the time the appellant committed his offense, enforcement of the FFR statute against him violates the ex *214 post facto clause of the United States Constitution.
Appellant’s brief at 14. For the reasons explained in United States v. May, 585 F.3d 912, 919-20 (8th Cir.2008), I disagree with Burns.